IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MELVIA WILSON,

          Plaintiff,

v.

STATE OF OREGON, DEPARTMENT
OF HUMAN SERVICES, et al.,

          Defendants.

Case No. 3:20-cv-01819-JR

OPINION AND ORDER

MOSMAN, J.,

On November 4, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R") [ECF 53], recommending that I grant Multnomah County defendants' Motion to Dismiss [ECF 31], the State of Oregon defendants' Partial Motion to Dismiss [ECF 33], and that I construe Plaintiff Melvia Wilson's filing of her Second Amended Complaint [ECF 52] as a motion for leave to amend, and deny it. Wilson filed objections to the F&R on November 23, 2021 [ECF 56]. Upon review, I agree with Judge Russo. I GRANT the motions to dismiss and construe the second amended complaint as a motion for leave to amend, which I DENY.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge

1 – OPINION & ORDER

but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation and I ADOPT the F&R [ECF 53]. I GRANT Multnomah County defendants' Motion to Dismiss [ECF 31] and the State of Oregon defendants' Partial Motion to Dismiss [ECF 33]. I construe Wilson's filing of her Second Amended Complaint [ECF 52] as a motion for leave to amend. I deny the motion for leave to amend without prejudice inasmuch as Wilson wishes to pursue a First Amendment Claim and breach of contract claim against Multnomah County.

IT IS SO ORDERED.

DATED this ____ day of January, 2022.

MICHAEL W. MOSMAN
United States District Judge