**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIA WILSON,<br><br>     Plaintiff - Appellant,<br><br>  v.<br><br>OREGON DEPARTMENT OF HUMAN SERVICES; COUNTY OF MULTNOMAH; JENNIFER COBB; NATALIE TAYLOR; HEATHER KILMER; STEPHANIE TING; AMY SNYDER,<br><br>     Defendants - Appellees. | No. 23-2617<br><br>D.C. No.<br>3:20-cv-01819-JR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 22, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Melvia Wilson (plaintiff) appeals pro se from the district court's grant of summary judgment in favor of county defendant Jennifer Cobb and the state defendants, including the State of Oregon, the Oregon Department of Human Services (DHS), Natalie Taylor, Heather Kilmer, Stephanie Ting, and Amy Synder, in an action arising out of Wilson's role as a foster parent.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo a district court's grant of summary judgment, *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024), and affirm.

The district court properly granted summary judgment on the claim alleging that the DHS and State of Oregon violated the state whistleblower law, Oregon Revised Statutes § 659A.199.  Even if plaintiff is protected by the law, she failed to offer evidence in the district court to establish that the defendants took any action against her because she reported any violation of law.  *See Cuddigan-Placito v. State Accident Ins. Fund*, 560 P.3d 715, 726 (Or. Ct. App. 2024) ("As part of her *prima facie* case under ORS 659A.199, plaintiff had to show that the employer's adverse employment action [was] taken because of or for the reason that the employee reported a violation of law.") (internal quotation marks omitted).

Summary judgment was proper on the First Amendment retaliation claim alleged against defendants Taylor, Kilmer, Ting, and Snyder.  Plaintiff failed to offer any evidence in the district court to establish that the defendants took adverse

23-2617

action against her because she expressed matters of public concern.  *See Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 748 (9th Cir. 2010) (setting forth the elements of a public concern First Amendment retaliation claim); *Desrochers v. City of San Bernardino*, 572 F.3d 703, 709 (9th Cir. 2009) (explaining that "the essential question is whether the speech addressed maters of 'public' as opposed to 'personal' interest").

The district court properly granted summary judgment on the First Amendment claim alleged against county defendant Cobb.  Plaintiff did not offer any evidence in the district court to establish that Cobb had any role in the alleged adverse actions, which were made by the state agency.  *See Anthoine*, 605 F.3d at 748 (requiring proof that the defendant took adverse action against the plaintiff).

Summary judgment was proper on the procedural due process claim alleged against defendants Taylor, Kilmer, Ting, and Snyder.  Even if plaintiff had a protected due process interest in fostering a certain number of future children, she cannot prevail because the state provides an adequate post deprivation remedy in the form of judicial review of state agency oral and written orders.  *Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991); Or. Rev. Stat. § 183.310(6)(a) (defining agency order) & § 183.484 (setting forth the judicial review procedure for agency orders).

3

The district court did not abuse its discretion by denying plaintiff's request for discovery. Plaintiff has not established actual and substantial prejudice from the denial of any discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

We decline to consider arguments and evidence not presented in the district court and matters not clearly raised in the opening brief. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiff's motion for miscellaneous relief (Dkt. Entry No. 59) is DENIED.

**AFFIRMED.**

23-2617